UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07-CV-402-H

RAYMOND PATTERSON                                 PETITIONER

v.

BECKY PANCAKE, WARDEN                          RESPONDENT

### MEMORANDUM OPINION

This matter is before the Court for preliminary review of this *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. 28 U.S.C.A. Rule 4, following § 2254. Petitioner, Raymond Patterson, is serving a twenty-year sentence on a conviction for first-degree burglary, third-degree burglary (two counts), and being a persistent felony offender.[1] The Supreme Court affirmed the conviction in February 2007. In this federal habeas action filed on or about August 1, 2007, Petitioner alleges several points of error during the state trial. State review of these claims, and others, is pending in collateral proceedings, by Petitioner's motion pursuant to Kentucky Rule of Criminal Procedure 11.42, filed in March 2007.

It is immediately apparent that the petition should be dismissed without prejudice for failure to allege exhaustion of available state remedies. A federal court may grant a writ of habeas corpus only after a petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b); *Picard v. Conner*, 404 U.S. 270, 275 (1971); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Hannah v. Conley,* 49 F.3d 1193 (6th Cir. 1995). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair

---

[1] The first page of the petition does not appear in this court's electronic file. The opinion of the Supreme Court of Kentucky, however, provides the information. *Patterson v. Commonwealth*, 2007 WL 541923 (Ky. February 22, 2007).

opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124 (6th Cir. 1993). Because Petitioner's 11.42 motion is pending, federal habeas review is premature. If the state court fails to grant relief from the conviction, Petitioner may then refile a federal habeas petition, if the one-year limitation period has not run. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In addition the Court will deny a certificate of appealability, pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000) (stating an appeal is warranted if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The court concludes no jurists of reason would find debatable that Petitioner fails to allege exhaustion of the available state remedies.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:     Petitioner, *pro se*

4412.007